**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST          )
FROM LATVIA                      )
IN THE MATTER OF                 )     Misc. No. 08-
SUBTERRANEAN LAKE GROUP, LLC     )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the

Application for an Order pursuant to Title 28, United States

Code, Section 1782, in order to execute a  letter of request from

Latvia. A copy of the translation is attached.

<u>FACTUAL BACKGROUND:</u>

This investigation is being conducted by the Latvian

authorities who are investigating a case of alleged fraud.

<u>EVIDENCE SOUGHT:</u>

The Latvian authorities seek information from the

Delaware Secretary of State's Office and a company that resides

in this district. The authority for this Court to accede to this

request is contained in Title 28, United States Code, Section

1782, which states in part:

> (a)  The district court of the district in which a person
> resides or is found may order him to give his testimony
> or statement or to produce a document or other thing for
> use in a proceeding in a foreign or international
> tribunal, including criminal investigations conducted
> before formal accusation.  The order may be made pursuant
> to a letter rogatory issued, or request made, by a
> foreign or international tribunal or upon the application
> of any interested person and may direct that the
> testimony or statement be given, or the document or other
> thing be produced, before a person appointed by the
> court.  By virtue of his appointment, the person
> appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Latvia and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 2/22/08

Translation from Latvian

To Competent Law Enforcement Institutions
of United States of America

Request for legal assistance
in criminal case No. 12507003905

    Economic Police Department of Central Criminal police Department of State Police of the Ministry of Interior of the Republic of Latvia expresses its appreciation and according to the Agreement between the government of the Republic of Latvia and Government of USA on mutual assistance in criminal cases of 13th June 1997 applies to You for legal assistance in criminal case No. 12507003905.

    The mentioned criminal procedure was initiated in Specialized Prosecutor's office of Organized crime and other spheres on 17th October 2005 according to features of criminal activity provided in Part XIX of Criminal law and which was requalified on 12th March 2007 according to Section 193 Part 4 of Criminal law for unlawful activities with financial instruments and means of payment on a large scale.

    On 27th September 2007 Office of prevention of money laundering of Prosecutor's office of the Republic of Latvia (henceforth – Control office) provided additional information No.8-15-97-05/598 about a new episode.

    - possible fact of fraud in the amount of 50 000 000 EUR with cheques of Azerbaijan bank which did not confirm issue of these cheques.

## Facts

    It comes from the materials of the criminal case that on 9th July 2004 two authorized persons of the company "Subterranean Lake Group LLC", reg. No. ▮▮▮▮▮▮ address – 15 East North Street, Dover, Delaware 19901, US, - citizen of Latvia Aleksandrs Razvadovskis, personal code ▮▮▮▮▮▮▮▮ and citizen of Romania Elena Musuroi, personal No.▮▮▮▮▮▮▮, born on 11th May 1970, applied to AS "Reģionālā investīciju banka" (Regional investment bank) in Riga, Alunāna ielā 2, and submitted two cheques – No.000738364 for 25 000 000.00 EUR and No.00738363 for 25 000 000.00 EUR issued by "Azal bank" – location: Republic of Azerbaijan, Baku, Nizami street – 86, to the client "Subterranean Lake Group LLC". Employees of AS "Reģionālā investīciju banka" contacted "Azal Bank" and established that "Azal Bank" did not confirm issue of these cheques.

    Owner of the company "Subterranean Lake Group LLC" is a citizen of France Yves Vuillot-Choux (born on ▮▮▮▮▮▮▮▮ – criminal case ▮▮▮▮▮▮▮ for misappropriation of money entrusted to him is initiated in Geneva against him. Yves Vuillot-Choux in correspondence with AS "Reģionālā investīciju banka" explained that cheques were received from a citizen of Germany Theresia Sophie Lussem, born in ▮▮▮▮▮

**Involved persons**

- "Subterranean Lake Group" LLC, registration No█████ address - 15 East North Street, Dover, Delaware 19901, US;
- Citizen of France - Yves Vuillot-Choux, ████████████████
- Citizen of Germany - Theresia Sophie Lussem, born in ██████
- Citizen of Romania – Elena Musuroi, personal No██████████ born on ████████ ███████
- Citizen of Latvia – Aleksandrs Razvadovskis, personal code███████ born on ██████████

**Criminal activities**

Part XIX of Criminal law

Criminal activities in national economy

## Section 193. Unlawful Activities with Financial Instruments and Means of Payment

(1)  For a person who commits acquisition or alienation of financial instruments in his or her own name or in the name of another person, on the basis of inside information of the financial instrument market, as well as commits manipulation of the market with financial instruments, -

the applicable sentence is deprivation of liberty for a term not exceeding ten years, or a fine not exceeding two hundred times the minimum monthly wage, with or without confiscation of property.

(2)  For a person who commits theft, destruction, damage or unlawful utilisation of financial instruments or means of payment of another person, -

the applicable sentence is deprivation of liberty for a term not exceeding ten years, with or without confiscation of property.

(3)  For a person who commits counterfeiting of financial instruments or means of payment, as well as commits circulating or utilising such counterfeits, if the elements of the crime provided for by Section 192 are not present, -

the applicable sentence is deprivation of liberty for a term of not less than three years and not exceeding ten years, with confiscation of property.

(4)  For a person who commits the acts provided for by Part one, two or three of this Section, if commission thereof is repeated or on a large scale, or if commission thereof is in an organised group, -

the applicable sentence is deprivation of liberty for a term of not less than five years and not exceeding fifteen years, with confiscation of property.

### Necessary information

1) Clarify whether company "Subterranean Lake Group" LLC, registration ▬▬▬▬▬ is registered officially, address – 15 East North Street, Dover, Delaware 19901, USA?

2) If "Subterranean Lake Group" LLC is registered officially, clarify circumstances of its foundation and way and scale of financial business operation, and also whether the company (its representative) has confirmed the above mentioned cheques and who signed them.

3) Interview any of company officials as a witness asking the following questions:

Is he/she acquainted with:

Citizen of France – Vuillot-Choux, born in ▬▬▬

Citizen of Germany – Theresia Sophie Lussem, ▬▬▬▬▬▬;

Citizen of Romania – Elena Musuroi, born in ▬▬▬

Citizen of Latvia – Aleksandrs Razvadovskis, born in ▬▬▬

If he/she is acquainted, then what is their connection and status in the company "Subterranean Lake Group" LLC?

If the mentioned request for legal assistance can not be executed, we ask to inform in written form stating the reason for non-execution.

We thank you in advance for the provided legal assistance and at the same time using the opportunity we confirm our willingness to provide similar assistance in criminal cases.

Attachment:

1) copy of the cheque No.000738364 for 25 000 000 EUR and copy of the cheque No.000738363 for 25 000 000 EUR on 1 page;

2) copy of passport on 1 page – Aleksandrs Razvadovskis;

3) copy of passport on 1 page – Elena Musuroi;

4) copy of passport on 1 page – Yves Vuillot-Choux,

5) copy of passport on 1 page – Theresia Sophie Lussem.

Investigator of Economic Police Department
of Central Criminal police Department
of State Police of the Ministry of Interior
of the Republic of Latvia                    (signature)                    L.Egle
+371 67208629
lilita.egle@vp.gov.lv





IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST          )
FROM LATVIA                      )
IN THE MATTER OF                 )   Misc No. 08-
SUBTERRANEAN LAKE GROUP, LLC     )

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from Latvia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Latvia and the Court being fully informed in the premises, it is hereby

**ORDERED,** pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Latvian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

    3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Latvia, which procedures may be specified in the request or provided by the Latvian authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Latvian authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2008.


_____
United States District Court Judge